S00A1342, S00A1343. RAY et al. v. JACOBS; and vice versa.
(534 SE2d 418)

FLETCHER, Presiding Justice.

The issue presented by this appeal is whether retroactive application of Rule 475-3-.05 (2) of the Board of Pardons and Paroles, allowing the Board to extend the interval between parole reconsiderations up to a period of eight years for an inmate serving a life sentence,[1] violates the Ex Post Facto Clause of the United States Constitution. The trial court held that it does. Subsequently, the United States Supreme Court decided *Garner v. Jones*[2] in which it held that

---

[1] Rule 475-3-.05 (2) (1985) provides, in pertinent part, that "[r]econsideration of those inmates serving life sentences who have been denied parole shall take place at least every eight years."

[2] 529 U. S. 244 (120 SC 1362, 146 LE2d 236) (2000).

Rule 475-3-.05 (2) does not inherently create a "significant risk of prolonging [an inmate's] incarceration"[3] and, therefore, does not facially violate the Ex Post Facto Clause. That Court further held that absent a demonstration by an inmate "that as applied to his own sentence the [Rule] create[s] a significant risk of increasing his punishment,"[4] the Ex Post Facto Clause is not implicated. Because Jacobs has not shown that retrospective application of the Rule to his sentence creates a significant risk of increased punishment, we reverse.

Charlie Jacobs was convicted of murder in 1971 and sentenced to the death penalty. In 1972 his sentence was commuted to life imprisonment. Jacobs first became eligible for parole in 1978.[5] Between 1978 and 1995 his parole reviews were considered on an annual basis and denied. In 1995 the Board notified Jacobs that in accordance with Rule 475-3-.05 (2), as amended to afford a parole review at least every eight years,[6] his next parole review would occur in 2001.

In December 1998 Jacobs filed a pro se petition for mandamus, seeking to require the Board to continue conducting an annual parole review of his case. The trial court concluded that retrospective application of the Rule violates the Ex Post Facto Clause[7] and ordered the Board to grant parole reviews to Jacobs in accordance with the Rule in effect at the time of his original confinement.

In Case No. S00A1342 we granted the Board's application to appeal, then stayed the appeal[8] in order to have the benefit of the decision in *Garner v. Jones*, then pending in the Supreme Court. In Case No. S00A1343, Jacobs cross-appeals from the partial denial of his petition for mandamus.

### Case No. S00A1342.

The issue in *Garner v. Jones* was whether the retrospective application of Rule 475-3-.05 (2), as amended, to an inmate who has

---

[3] 120 SC at 1368.

[4] 120 SC at 1370.

[5] OCGA § 42-9-45 (b) provides that an inmate serving a life sentence "shall become eligible for consideration for parole upon completion of the service of seven years."

[6] As the Supreme Court noted in *Garner*, the Board initially amended the Rule in 1985 to require that reconsideration of parole denials to inmates who were serving life sentences take place at least every eight years. However, the Board suspended application of the Rule following the Eleventh Circuit's decision in *Akins v. Snow*, 922 F.2d 1558 (11th Cir. 1991), which held that the Rule violated the Ex Post Facto Clause of the U.S. Constitution. In 1996, after the Supreme Court disapproved the reasoning relied on in *Akins* in *California Dept. of Corrections v. Morales*, 514 U.S. 499 (115 SC 1597, 131 LE2d 588) (1995), the Board reinstated the Rule.

[7] The trial court reached its decision based on an analysis of *California Dept. of Corrections v. Morales*, 514 U.S. 499.

[8] The case was struck from this Court's docket, then redocketed after the Supreme Court issued its decision in *Garner*.

previously been denied parole creates a significant risk of increased punishment for the inmate's crime in violation of the Ex Post Facto Clause. Viewing the Rule in the entire context of Georgia's parole system, the Supreme Court initially noted that the Board exercises a broad discretion to grant parole based on such factors as the nature of the crime, the efforts the inmate makes toward rehabilitation, and the reasonable probability that if released the inmate will conduct himself or herself as a law-abiding citizen.[9] Further, while the Rule grants the Board the discretion to set, based on these factors, reconsideration of an inmate's parole at intervals between one and eight years, the Board's own policies permit "expedited parole reviews in the event of a change in [the inmate's] circumstance or where the Board receives new information that would warrant a sooner review."[10] Thus, application of the Rule in conjunction with Board policies allows the Board to "set reconsideration dates according to the likelihood that a review will result in meaningful considerations as to whether the inmate is suitable for release,"[11] enabling the Board "to ensure that those prisoners who should receive parole come to its attention."[12]

The Supreme Court concluded that, considered in this context, the Rule does not inherently create a significant risk of increased punishment. Because the Rule "does not by its own terms show a significant risk, [an inmate] must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule."[13] That is, the inmate must show that the increased interval between parole reconsiderations, as applied to his or her own sentence, creates a significant risk of increased punishment.

Consistent with the Supreme Court's decision in *Garner v. Jones*, we conclude that the trial court erred in holding that the Rule on its face violates the Ex Post Facto Clause of the United States Constitution. Further, Jacobs has not carried his burden of demonstrating that retrospective application of the Rule to his sentence has created a significant risk of increased punishment. The judgment is therefore reversed.

---

[9] 120 SC at 1368-1369.
[10] 120 SC at 1369.
[11] Id.
[12] 120 SC at 1370.
[13] Id.

*Case No. S00A1343.*

While Jacobs filed a notice of cross-appeal from the trial court's partial denial of relief sought by his petition for mandamus, he has not filed a brief despite an order to do so from this Court. The cross-appeal is therefore dismissed. Supreme Court Rules 9 and 12.

*Judgment reversed in Case No. S00A1342; cross-appeal dismissed in Case No. S00A1343. All the Justices concur.*

DECIDED SEPTEMBER 11, 2000.

Charlie Jacobs, *pro se.*

*Thurbert E. Baker, Attorney General, Neal B. Childers, Senior Assistant Attorney General,* for appellee.